FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 JUL -2 P 3: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED PRESS INTERNATIONAL, INC.
1133 19th St. N.W.
Suite 800
Washington, D.C. 20036,

    Plaintiff,

v.

UPIPHOTO.COM AND UPIPHOTO.ORG,

    Defendants.

Civil Action No. 1:13cv807

TSE/TCB

## COMPLAINT

1. Plaintiff for its *in rem* complaint against the UPIphoto.com and UPIphoto.org domain names, alleges:

## NATURE OF THE SUIT

2. This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff's invaluable rights in the distinctive and famous UPI mark and trade name have been deliberately infringed and diluted through the bad faith registration and use of the UPIphoto.com and UPIphoto.org domain names, which domain names are confusingly similar to the UPI mark and trade name.

## PARTIES

3. United Press International, Inc. ("UPI") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 1133 19th St. N.W., Suite 800, Washington, D.C. 20036.

4. UPIphoto.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by "UNITED PHOTOGRAPHERS INTERNATIONALS UNITED PHOTOGRAPHERS INTERATIONALS." A copy of the domain name registration record for UPIphoto.com is attached as Exhibit A.

5. Upon information and belief, "UNITED PHOTOGRAPHERS INTERNATIONALS UNITED PHOTOGRAPHERS INTERATIONALS" is a fictitious name that does not correspond to an actual legal entity.

6. UPIphoto.org is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by "UTD .PHOTOGR. INT. UTD .PHOTOGR. INT." A copy of the domain name registration record for UPIphoto.org is attached as Exhibit B.

7. Upon information and belief, "UTD .PHOTOGR. INT. UTD .PHOTOGR. INT." is a fictitious name that does not correspond to an actual legal entity.

8. Upon information and belief, the UPIphoto.com and UPIphoto.org domain names were registered by the same person or entity and/or are under the control of the same person or entity.

## JURISDICTION AND VENUE

9. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). This Court has *in rem* jurisdiction over the aforementioned domain names pursuant to 15 U.S.C. § 1125(d)(2)(A).

10. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry, VeriSign, Inc., and the .ORG domain name registry, Public Interest Registry, are situated in this judicial district.

12. Upon information and belief, the listed registrant(s) of the aforementioned domain names are fictitious entities and/or the Court is unable to obtain *in personam* jurisdiction over the registrant(s).

13. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa), UPI has given notice of the violations of UPI's rights and the impending filing of this action to the domain name registrant(s) at the postal and e-mail addresses provided by the registrant(s) to the domain name registrars of the UPIphoto.com and UPIphoto.org domain names.

## UPI'S RIGHTS

14. UPI is a major international news agency, providing newswires, photographs and photo services to its clients throughout the world. Since 1907, UPI has been a leading provider of critical information to media outlets, businesses, governments and researchers worldwide.

15. Headquartered in Washington D.C., UPI is a global operation with offices in Beirut and Santiago. Those who have worked for UPI at one time in their career include such notable reporters as Walter Cronkite, David Brinkley, Edwin Newman, Eric Severeid and Helen Thomas and notable photographers such as Hubert van Es (Saigon evacuation photographer), and Pulitzer Prize winning White House photographer David Hume Kennerly.

16. As a leading and trusted source for news, analysis and insight for readers around the world, UPI publishes news, photographic and video content on UPI.com, which reaches up to six (6) million visitors each month.

17. UPI offers an array of goods and services to print outlets, online media, institutions and the public, including its UPI Newspictures service. Through this service, UPI produces photographs from around the world, and licenses such photographs to media outlets, online sources, institutions and the general public.

18. UPI maintains a searchable online photo archive dating back to 1995 and exhibits and displays its photographs via indexed "Photo Collections."

19. UPI conducts business throughout the United States and worldwide and utilizes marks such as "UPI," "UPI PHOTO" and "UNITED PRESS INTERNATIONAL" as trademarks and service marks.

20. Since at least as early as May 31, 1958, UPI has used the UPI and UNITED PRESS INTERNATIONAL marks in interstate and international commerce in connection with a host of goods and services, including "the collection and distribution of news and pictures to businesses and other persons," "photographs," "licensing of film and photographs," "photography services," and "stock photography services, namely leasing reproduction rights of photographs and transparencies to others."

21. Since at least as early as December of 1995, UPI has used the UPI PHOTO mark in interstate and international commerce in connection with provision and licensing of photographs. The UPI PHOTO mark is used in the copyright or credit legend of photographs that are licensed from UPI to identify UPI as the source of the photographs.

22. The UPI, UPI PHOTO and UNITED PRESS INTERNATIONAL marks shall be referred to collectively as the "UPI Marks."

23. UPI has invested substantial resources in promoting goods and services sold under the UPI Marks. As a result, the UPI Marks have become widely known throughout the

4

United States and worldwide in connection with UPI's goods and services and consumers have come to distinguish UPI products and services from others in the same and/or related fields as a result of UPI's use of the UPI Marks. The UPI Marks are entitled to common law trademark rights.

24. The UPI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 697,920 registered May 17, 1960. *See* Exhibit C.

25. The UPI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 1,261,962 registered December 20, 1983. *See* Exhibit D.

26. The UPI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 3,361,193 registered January 1, 2008. *See* Exhibit E.

27. UPI's incontestable federal registrations for the UPI Marks are conclusive evidence of the validity of the marks, of UPI's ownership of the marks, and of UPI's exclusive right to use the marks in U.S. Commerce.

28. The UPI mark is also registered with the Trademarks and Designs Registration Office of the European Union under registration number 0977079 registered on February 21, 2008. *See* Exhibit F.

29. UPI is the owner of the domain name UPI.com, which has been owned by UPI since April 19, 1995.

30. UPI is the owner of the domain name UPIphotos.com, which has been owned by UPI since October 27, 2007.

31. UPIphotos.com is used by UPI to direct visitors to an online photo archive through which photos may be viewed and reproduction licenses may be purchased.

## UNLAWFUL USE OF THE DOMAIN NAMES

32. Upon information and belief, the UPIphoto.com domain name was registered by/to the current registrant on or about October 19, 2009.

33. Upon information and belief, the UPIphoto.org domain name was registered by/to the current registrant on or about October 11, 2011.

34. The use of the UPI Marks within the UPIphoto.com and UPIphoto.org domain names and associated web sites is without authorization from UPI.

35. Upon information and belief, the registrant names identified in the UPIphoto.com and UPIphoto.org domain name registrations are fictitious names that do not correspond to an actual legal entity.

36. Upon information and belief, the UPIphoto.com and UPIphoto.org domain names do not reflect the legal name of the registrant(s) of the domain names.

37. Upon information and belief, the registrant(s) of the UPIphoto.com and UPIphoto.org domain names has not engaged in bona fide noncommercial or fair use of the UPI Marks in a site accessible under the domain names.

38. The website displayed by the registrant(s) of the UPIphoto.com domain name is likely to be confused with UPI's legitimate online locations at UPI.com and UPIphotos.com.

39. Upon information and belief, the registrant(s) of the UPIphoto.com and UPIphoto.org domain names registered the domain names with intent to divert consumers away from UPI's online locations at UPI.com and UPIphotos.com, for commercial gain, by creating a

likelihood of confusion as to the source, sponsorship, affiliation or endorsement of UPIphoto.com and/or UPIphoto.org.

40. Upon information and belief, the registrant(s) of the UPIphoto.com and UPIphoto.org domain names provided material and misleading false contact information when applying for the registration of the domain names.

41. The UPI Marks, incorporated into the UPIphoto.com and UPIphoto.org domain names, are distinctive and famous and were distinctive at the time of registration of the domain names.

42. UPI has sent numerous cease and desist letters to the registrant(s) of the UPIphoto.com and UPIphoto.org domain names requesting that the domain names be transferred to UPI, and UPI has received no response to such correspondence.

## CLAIM FOR RELIEF

### Violation of the Federal Anti-Cybersquatting Consumer Protection Act

43. UPI repeats and realleges each and every allegation set forth in the foregoing paragraphs 1-42, as though fully set forth herein.

44. UPI's federally registered UPI Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1) and were distinctive and famous at the time of registration of UPIphoto.com and UPIphoto.org.

45. The aforesaid acts by the registrant(s) of the domain names constitute registration, maintenance, or use of domain names that are confusingly similar to and dilutive of UPI's famous UPI Marks, with bad faith intent to profit therefrom.

46. UPI is not able to obtain *in personam* jurisdiction over the registrant(s) of the UPIphoto.com and UPIphoto.org domain name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

47. UPI, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

48. The aforesaid acts by the registrant(s) of the domain names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

49. The aforesaid acts have caused, and are causing, great and irreparable harm to UPI and the public. The harm to UPI includes harm to the value and goodwill associated with the UPI Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), UPI is entitled to an order transferring the UPIphoto.com and UPIphoto.org domain name registrations to UPI.

## **PRAYER FOR RELIEF**

WHEREFORE, UPI respectfully requests of this Court:

1. That judgment be entered in favor of UPI on its claim of cybersquatting.

2. That the Court order the UPIphoto.com and UPIphoto.org domain name registrations be transferred to UPI.

3. That any other domain names registered by the registrant(s) of the UPIphoto.com and UPIphoto.org domain names that resemble or include the UPI Marks be transferred to UPI.

4. That the Court order an award of costs and reasonable attorney's fees incurred by UPI in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5. That the Court order an award to UPI of such other and further relief as the Court may deem just and proper.

Dated: July 2, 2013        By: _____
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*pro hac application pending*)
Ari S. Meltzer (*pro hac application pending*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com
ameltzer@wileyrein.com

*Counsel for Plaintiff*
*United Press International, Inc.*

9